UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CERTAIN UNDERWRITERS AT )<br>LLOYD'S LONDON )<br>)<br>v. )<br>)<br>CHARLES BRUEHL, M.D., )<br>LINDA GREMKE, TERRI MADDEN, )<br>Administratrix of the Estate of Brian )<br>Raleigh, RACHELLE COURY, )<br>Individually and as Administratrix of the )<br>Estate of Ashley Coury, )<br>JESSICA RALEIGH, )<br>TRACY RALEIGH YOUNG ) | Civil Action No. _____ |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs, Certain Underwriters at Lloyd's London subscribing to commercial general liability insurance policy number LGL047488 ("Underwriters"), by its attorneys, and for its Complaint for Declaratory Judgment against defendants Charles Bruehl, M.D., Linda Gremke, Terri Madden, Administratrix of the Estate of Brian Raleigh, Rachelle Coury, Individually and as Administratrix of the Estate of Ashley Coury, Jessica Raleigh, and Tracy Raleigh Young allege as follows:

I.      Nature of the Action.

1.      This is an action pursuant to 28 U.S.C. § 2201 for a Declaratory Judgment declaring the rights and obligations as between Underwriters and defendants under a commercial general liability insurance policy number LGL047488 ("Policy") issued to Linda Gremke and with respect to a lawsuit between the above captioned defendants following the drowning deaths of Brian Raleigh and Ashley Coury on or about November 26, 2005. The Plaintiffs in the underlying lawsuit allege that Brian Raleigh and Ashley Coury died following the capsizing of a canoe in a pond located adjacent to property in Plymouth, MA owned by Linda Gremke. (The underlying lawsuit is

hereafter referred to as the "Underlying Complaint.") *True and correct copies of the Policy and the Underlying Complaint are attached hereto as Exhibits A and B, respectively.*

2.Both the allegations in the Underlying Complaint and discovery in the underlying action confirm that all claims asserted in the Underlying Complaint arise out of the use of a watercraft, which is excluded by the Policy. As such, Underwriters seek a declaration:

A.That neither Ms. Gremke, nor her husband, Charles Bruehl, M.D., are entitled to defense or indemnity under the Policy for allegations made against them in the Underlying Complaint.

B.That coverage is excluded under the Policy to both Ms. Gremke and Dr. Bruehl pursuant to the "Watercraft Exclusion" in the Policy.

C.That Underwriters are permitted to withdraw from the defense of this matter.

D. In the alternative, that all of the claims asserted in the Underlying Complaint arise out of a single occurrence and any coverage that may be afforded is subject to a single limit of liability.

II.Jurisdiction and Venue

3.This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

4.Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to this suit occurred in Plymouth, Massachusetts which is in the District of Massachusetts.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
BURLINGTON, VERMONT
PLATTSBURGH, NEW YORK

III.  The Parties

5. The Underwriters subscribing to the Policy consist exclusively of a United Kingdom corporation, which is a citizen and resident of the United Kingdom. It was incorporated and formed under the laws of the United Kingdom with its principal place of business at Fifth Floor, One Minster Court, Mincing Lane, London, EC3R7AA.

6. Charles Bruehl, M.D. and Linda Gremke are alleged in the Underlying Complaint to be husband and wife who reside at 619 Melwood Drive, Rochester, New York 14626.

7. Terri Madden, Administratrix of the Estate of Brian Raleigh, is alleged in the Underlying Complaint as the aunt of Brian Raleigh. Terri Madden is alleged to reside at 21 Pine Island Road, Newbury, Essex County, Massachusetts.

8. Rachelle Coury, Individually and as Administratrix of the Estate of Ashley Coury, is alleged in the Underlying Complaint as the mother of Ashley Coury. Rachelle Coury is alleged to reside at 48 Lakeview Drive, Raynham, Bristol County, Massachusetts.

9. Jessica Raleigh is alleged in the Underlying Complaint as the sister of Brian Raleigh. Jessica Raleigh is alleged to reside at 831 Savannah Place Drive, Fort Mill, South Carolina.

10. Tracy Raleigh Young is alleged in the Underlying Complaint as the mother of Brian Raleigh. Tracy Raleigh Young is alleged to reside at 831 Savannah Place Drive, Fort Mill, South Carolina.

IV.  Factual Background

11. Underwriters incorporate by reference the allegations of all preceding paragraphs as though pled here.

12. On or before November 26, 2005, Linda Gremke owned property at 53 May Hill Road, Plymouth, Massachusetts ("Rental Property").

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
BURLINGTON, VERMONT
PLATTSBURGH, NEW YORK

3

13. The Underlying Complaint alleges the Rental Property was managed and controlled by Charles Bruehl, M.D. *Exhibit B, Underlying Complaint, ¶ 9.*

14. The Underlying Complaint alleges that Dr. Bruehl is Ms. Gremke's spouse and that Ms. Gremke and Dr. Bruehl rented the Rental Property to members of the Madden family. *Exhibit B, Underlying Complaint, ¶¶ 8, 10.*

15. The Underlying Complaint alleges that Ms. Gremke and Dr. Bruehl provided a canoe for their tenants and their guests to use. *Exhibit B, Underlying Complaint, ¶ 10.*

16. On or about November 26, 2005, Brian Raleigh, Ashley Coury, Michael Drew and Daniel Madden were using a canoe in a pond adjacent to the Rental Property. The Underlying Complaint alleges that during that use the canoe capsized resulting in the death of Brian Raleigh and Ashley Coury and injury to Michael Drew and Daniel Madden. *Exhibit B, Underlying Complaint, ¶ 11.*

17. The Underlying Complaint seeks damages from Ms. Gremke and Dr. Bruehl for the alleged wrongful death of Brian Raleigh and Ashley Coury, as well as personal injury to Michael Drew and Daniel Madden. Specifically, the Underlying Complaint alleges that Ms. Gremke and Dr. Bruehl negligently controlled and maintained the premises and canoe, negligently failed to take reasonable and appropriate steps to prevent injuries to tenants and their guests, negligently failed to provide a safe canoe, negligently failed to adequately warn users of the canoe about the hazards associated with use of the canoe and negligently failed to provide life saving devices with the canoe.

18. The Underlying Complaint was filed in or about December of 2008.

19. Thereafter, Linda Gremke provided notice to Underwriters of the loss, and Underwriters appointed legal counsel to defend subject to a reservation of rights.

V. <u>The Policy</u>

20. Underwriters incorporate by reference the allegations of all preceding paragraphs as though pled here.

21. Ms. Gremke was issued a Policy of commercial general liability insurance by Underwrites which bore the contract number LGL047488 ("Policy"). The Policy provided Ms. Gremke with liability coverage in the amount of $300,000 per occurrence and $600,000 in the aggregate. The Policy period was June 16, 2005 to June 16, 2006. The Policy is subscribed 100 percent (100 %) by Underwriters listed on the schedule.

22. The Policy provides liability insurance for "bodily injury" or "property damage" that is "caused by an 'occurrence'." *Exhibit A, Policy, p. 1*.

23. The Policy, however, excludes coverage for "'[b]odily injury' … arising out of the ownership, maintenance, use or entrustment to others of any … watercraft owned or operated by or rented or loaned to any insured." *Exhibit A, Policy, p. 3*.

24. No coverage is afforded under the Policy because all of the allegations in the Underlying Complaint arise "out of the ownership, maintenance, use or entrustment to others of any … watercraft owned or operated by or rented or loaned to any insured."

VI. <u>Claim For Relief</u>

25. Underwriters seek a Declaratory Judgment pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201, *et seq.* and F.R.C.P. 57 on the following claims:

   A. That neither Ms. Gremke, nor her husband, Charles Bruehl, M.D., are entitled to defense or indemnity under the Policy for allegations made against them in the Underlying Complaint.

B.   That coverage is excluded under the Policy to both Ms. Gremke and Dr. Bruehl pursuant to the "Watercraft Exclusion" in the Policy.

C.   That Underwriters are permitted to withdraw from the defense of this matter.

D.   In the alternative, that all of the claims asserted in the Underlying Complaint arise out of a single occurrence and any coverage that may be afforded is subject to a single limit of liability.

WHEREFORE, Underwriters respectfully request this Court enter an Order and Judgment declaring that Underwriters is not required to defend or indemnify Linda Gremke and/or Charles Bruehl, M.D. with respect to the Underlying Complaint and to award Underwriters such other relief, at law or in equity, to which Underwriters may show themselves justly entitled.

DATED at Burlington, Vermont, this 16th day of November, 2009.

CERTAIN UNDERWRITERS AT LLOYD'S LONDON

BY:   PAUL FRANK + COLLINS P.C.

BY:   /s/ Stephen J. Soule
Stephen J. Soule, Esq.
BBO # 659428
Paul Frank + Collins P.C.
One Church Street
P.O. Box 1307
Burlington, VT 05402
Phone (802) 658-2311
Email   ssoule@pfclaw.com
*Attorney for Plaintiffs*

742305_v4: 8063-00057

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
BURLINGTON, VERMONT
PLATTSBURGH, NEW YORK